THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN THE MATTER OF A CRIMINAL
COMPLAINT AGAINST
JASON MATTHEW PERDUE

18-mj-2063DPR

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James D. Holdman Jr., being first duly sworn, do hereby depose and state that:

1. This affiant is a Special Agent (SA) with United States Immigration and Customs Enforcement (ICE) Office of Homeland Security Investigations (HSI) in Springfield, Missouri. This affiant has been employed with ICE/HSI since June 2003. This affiant has been employed in the field of law enforcement since January 1989, including duties as a deputy sheriff in Washington County, Missouri, and a criminal investigator for the State of Missouri.

2. As part of this affiant's duties with ICE/HSI, this affiant investigates criminal violations relating to child exploitation, child pornography, human trafficking, and coercion and enticement, in violation of 18 U.S.C. §§ 2251, 2422(a) and (b), 2252(a), and 2252A. This affiant has received training in the areas of child pornography, child exploitation, and human/sex trafficking.

3. This affiant has conducted operations relating to the exploitation of children and adults in Costa Rica, the border area of the United States and Mexico, and the Philippines. This affiant has instructed classes on sexual exploitation of children, interviewing, evidence collection, case studies, and undercover operations to law enforcement agencies within the United States, including six national conferences, as well as to law enforcement located in the following foreign countries:

    a. Cambodian National Police in Phnom Penh and Siem Reap;

1

b. International Law Enforcement Academy (ILEA) in El Salvador;

c. Moroccan Police Academy in Kenitra;

d. Ontario Canada Provincial Police in Niagara Falls, Canada; and

e. Royal Canadian Mounted Police Headquarters, Ottawa, Canada.

4. The statements in this affidavit are based on personal observations, training and experience, investigation of this matter, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, this affiant has not included each and every fact known to me concerning this investigation. The affiant has set forth the facts necessary to establish probable cause to believe that Jason Matthew Perdue has violated 18 U.S.C. § 2252(a)(2), that is receipt and distribution of child pornography.

## STATUTORY AUTHORITY

5. 18 U.S.C. § 2252 prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

6. The following definitions apply to this Affidavit and its Attachments:

    a. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

    b. The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital,

2

anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

c. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

d. The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

e. The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

   1. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

   2. such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

   3. such visual depiction has been created, adapted, or modified to

3

appear that an identifiable minor is engaging in sexually explicit conduct.

      f.    "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

      g.    "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

## PROBABLE CAUSE

7. On July 13, 2018, Southwest Missouri Cyber Crimes Task Force (SMCCTF) and Homeland Security Investigations Task Force Officer (TFO) Brian Martin received CyberTips 32769044 and 35807090 from the National Center for Missing and Exploited Children (NCMEC). The CyberTips were made by Google on May 18, 2018, at 13:58:58 GMT, and on July 4, 2018, at 05:03:29 GMT, after they discovered images of possible child pornography stored on their servers.

8. In CyberTip 32769044, Google reported that the user's account name was "devina hummel" and the registered email address was "devinahummel03@gmail.com." The user listed a secondary

4

email address of "ninerfreakjason@yahoo.com." The account was registered on May 3, 2018, from IP address 174.125.53.131, which is owned by CenturyLink. Google submitted one image of suspected child pornography with this CyberTip, which Google had viewed prior to its submission. The image depicted an adult male lying on a bed, with a prepubescent female lying between his legs, and the minor female had the adult's penis in her mouth. The minor is looking into the camera, and her right hand is holding the penis. Google discovered the image on their server on May 17, 2018.

9. In CyberTip 35807090, Google reported that the user's account name was "dev hummel" and the registered email address was "dhummel111@gmail.com." The account listed a secondary email address of "ninerfreakjason@yahoo.com." The account was registered on June 16, 2018, from IP address 69.29.97.94, which is owned by CenturyLink. Google submitted one image of suspected child pornography with this CyberTip, which Google had viewed prior to its submission. The image depicted a prepubescent female, no older than four years of age, with an erect penis of an adult in her mouth. The child is wearing a shirt, and she is staring into the camera, which appears to be to the left of the child. Google discovered the image on their server on July 4, 2018.

10. TFO Martin sent an investigative subpoena to CenturyLink for the subscriber information for IP address 69.29.97.94. On July 16, 2018, CenturyLink responded to the investigative subpoena requesting subscriber information for IP address 69.29.97.94 used on June 16, 2018. CenturyLink identified the subscriber as Jason Perdue, with an address of 304 East 6th Street, Mountain View, Missouri 65548.

11. TFO Martin checked the name Jason Perdue through the Missouri Department of Revenue and located a Jason Matthew Perdue. Perdue's address on his Missouri driver's license is registered

as 304 East 6th Street in Mountain View, Missouri 65548.

12. On September 4, 2018, the affiant applied for and received a federal search warrant for Perdue's residence. On September 6, 2018, the affiant, TFO Martin, and other members of the SMCCTF executed the federal search warrant for Perdue's residence. Upon arrival, the affiant made contact with Perdue. Perdue was advised that law enforcement were at his residence to execute a search warrant. The affiant asked Perdue if he would be willing to speak with him and Perdue agreed that he would.

13. The affiant advised Perdue of his rights under *Miranda* and Perdue stated that he understood those rights and agreed to waive them. Post-*Miranda*, Perdue denied viewing, receiving, or downloading child pornography. Perdue stated he might have received spam that might have contained something. Perdue continued to deny any knowledge of child pornography during the interview.

14. While law enforcement officers were searching Perdue's residence, they located computers as well as a safe. The affiant asked Perdue what was in the safe and where they key was. Perdue responded that he had lost the key and did not know where it was. Perdue also stated that there was only paperwork involving his residence inside the safe. Perdue was informed that law enforcement would have to break into the safe if the defendant did not give them the key. Perdue maintained that he did not have the key and that there were only papers inside the safe. After law enforcement opened the safe, they located an 8GB SanDisk flash drive. A forensic preview of the flash drive revealed a large volume of videos and images of child pornography. The images and videos contained children as young as toddlers. Many of the images and videos were categorized into file folders by the minor's name.

15. The affiant confirmed that the 8GB SanDisk flash drive is manufactured outside the state of

Missouri and would have had to cross state lines to enter. Furthermore, Google utilizes the Internet to function.

## CONCLUSION

16. Based on the above facts, this affiant believes there is probable cause in support of a criminal complaint against Jason Matthew Perdue for violation of 18 U.S.C. § 2252(a)(2), that is, receipt and distribution of child pornography.

James D. Holdman, Jr.
Special Agent
Homeland Security Investigations

Subscribed and sworn before me this 6th day of September, 2018.

David P. Rush
United States Magistrate Judge
Western District of Missouri